Cause No. 1391006-A

83,980-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 01 2015

Abel Acosta, Clerk

EX PARTE                              §        IN THE 182ND DISTRICT COURT

                                      §                                    OF

TORACE DAVIS,                         §        HARRIS COUNTY, TEXAS
Applicant

## Applicant's Rebuttal To State's Original Answer

COMES NOW TORACE DAVIS, Applicant Pro Se in The Above-Styled Cause and files This Rebuttal, having been Served with The State's Original Answer. Applicant Will Show the following:

### I.

Torace Davis, Applicant is Currently Confined And illegally Restrained of his liberty in The East Garza Unit, In The T.D.C.J.-ID, Pursuant to a Judgement and Sentence Of The 182ND District Court Of Harris County, Texas. In Cause No. 1391006. After a guilty Plea To Aggravated Assault. Punishment was assessed at Eleven (11) years in The Tex. Dept. Of Criminal Just.-Inst. Div.

### II.

Applicant disputes and denies All of State's Claims in its Answer. Petitioner asserts that None Of The State's denial Are Supported

-1-

by Official Court Records. Furthermore, The State failed to Proffer any supporting Evidence to support its denial. Applicant offers the following additional Reply:

## Reply to State's First Claim for denial Of Relief

The State Claimes That, in Order for Applicant to Prevail On an Ineffective Assistance Of Counsel Claim based On The failure To investigate, Applicant Must Show what a More in depth investigation would have Shown. The State Cited Mooney V. State, 817 S.W. 2d 693

Applicant's Response: The State's Claim is false And irrelevant, Mooney Clearly states That to Prevail in an Ineffective Assistance Of Counsel, Sixth amendment Violation Claim, Applicant Must Allege And Prove That his Counsel's Performance was deficient And Counsel's deficiency Affected The Outcome Of Applicant's Case.
In his Application, Applicant Alleged And Proved This Claime, The State did not address nor deny This Claim. Furthermore, Applicant Clearly Show what A More in-depth investigation Would have Shown. See Applicant's Memordum brief Pages 5-6, The Police Report and The Indictment. Trial Counsel does not deny Claim

The State Claims That Applicant failed To show what Trial Counsel would have found With Additional investigation

-2-

Applicant's Response: This is false. See Page 5-8 of Applicant's Memorandum Brief. Applicant Clearly States " Had The Court-Appointed Counsel investigated The Facts, Circumstance Pleadings and Laws involved. Counsel Would have Known: Facts And Evidence included in A-D. Pointing Out What Counsel Would have discovered

State Claims, That Applicant Failed To Show What interviewing Davis And the investigating Officers Would have Revealed.

Applicant's Response: This is False. See Pages 7-8 (3) Of Applicant's Memorandum Brief. Applicant Clearly States " If Counsel Would have interviewed The State's Witnesses, Counsel Would have Known A-3.

Further, Applicant, The State doesn't deny Applicant Factual Allegations that Counsel Failed To Investigate The Facts, Circumstances, Pleadings And Laws involved And The State doesn't deny The Fact The Counsel Failed To interview The State's Witnesses, Which included Davis And The Investigation Officers. More important The State doesn't deny Applicant's Factual Allegation That Counsel's deficient Performance Prejudiced his Case And Affected The Outcome Of Applicant's Case. Applicant Asserts Further, Trial Counsel does Not deny or disputes Applicant's Claims.

## Failure To Object to the Indictment

The State Claims; That Failure To Object, The Applicant Must Show that the Trial Court Would have Committed Error in Overruling the Objection. The State Cited Ex Parte White; 160 S.W. 3d 46

Applicant's Response: This is False. And The Case is Irrelevant. This Case (Ex Parte White) is in Regards To Testimony Made at Trial Not in Form of an Opinion (Rule 701). Not An Indictment. See Ex Parte White 160 S.W. 3d @ 53. Furthermore. The State Clearly doesn't deny The fact That Counsel did not Object To The Indictment And did Not File A Motion To Quash The Indictment. And doesn't deny The fact That Counsel's Actions where deficient And That deficiency Affected The Outcome Of Applicant's Case

See Gazza v. State 2U9 S.W. 3d 300 " Defendant's guilty Plea Conviction To Attempted Aggravated Assault was Reversed Upon Showing that Charging Instrument Under Which defendant Plead guilty Committed Language Necessary To Convict; Allegation failed To Include Word "Serious" Which Was Needed To Aver Aggravated Assault, And "Without" Which Rendered the Allegation descriptive Of Misdemeanor Assault Offense "

Applicant doesn't have To Prove That The Court Would Have Erred furthermore. its Not Incumbent upon The Applicant To Submit Case Law. If it Were, It Would be allowed In The Application. Furthermore, Trial Counsel does not deny or disputes Applicant's Claims

Applicant only has to prove that Counsel's performance was deficient and Counsel's deficiency affected the outcome of Applicant's case. In this requirement, Applicant succeeded and has clearly demonstrated that Counsel was ineffective for failing to object to (file a motion to quash indictment) the indictment.

Had Counsel filed a motion to quash the indictment, it would have changed the outcome of the case because he would have been defending Applicant of a misdemeanor instead of a felony. Furthermore, ~~Trial Counsel does not deny or dispute Applicant's claim~~

<u>Pressured into Pleading Guilty</u>

The State claims that because the Applicant was admonished according to law, Applicant's guilty plea is presumed voluntary. This is false.

"Innocent people may plead guilty, for various reasons. An innocent person may want to take advantage of gamble of a far lesser sentence thinks if a mistaken verdict is returned. Or a person may not know what he is admitting and accept his attorney's advice."
See Elizondo, 109 S.W.3d @ 393

The State claims that Applicant failed to show how trial Counsel pressured him.

Applicant's Response: This is false. See Pages 5-10 of Applicant's Memorandum brief. Applicant Clearly Explains and demonstrate how trial Counsel pressured him to plead guilty. Furthermore, ~~trial Counsel doesn't dispute or deny Applicant's Claim.~~

-5-

In This Present Case, Applicant was adamant About his Not Guilty Plea. During Trial Counsel's First Attempt to plea the Case (on 4/15/14) Applicant informed The Court that he was Not Guilty (see court Records On 4/15/14). The Trial Court Judge Responded "Take This Offender Out and get him Ready (dressed) For Trial. Thereafter, The Court-Appointed Counsel Came To The Inmate holdover and Stated "What Are You doing, I'm not Ready On Prepared For Trial you need To Take The Plea That They're Offering.

The Trial Court Wanted Trial Counsel to Prepare her Client For a trial That she, Trial Counsel was Clearly unprepared for.

Court-Appointed Counsel used pressuring Tactics To coerce Applicant To Plead Guilty. These Pressuring tactics includes the following:

A) By failing to investigate the facts, Circumstances, Pleadings and laws of Applicant's Case

"Criminal defense Lawyers Must have a firm Command of the facts of the Case as well as governing Law before the Can Render Reasonably effective assistance to his Client In a out of the Courtroom"

See Ex Parte Ybarra, 629 S.W.2d 943; Ex Parte Duffy 607 S.W.2d 507 and; Ex Parte Lilly 656 S.W.2d 490

B) Court-Appointed Counsel's failure To interview State's Witnesses Which includes Jamie Davis and the Investigating Officers

"Criminal defense Counsel has a Responsibility to Seek Out and interview Potential witnesses and failure to do so is to be ineffective, if not incompetent, where the Result is that any Viable defense Available to the Accused is not Advanced"

See Ex Parte V Barra 609 S.w.2d 943 ; Ex Parte Duffy 607 S.w.2d 507 ; Ex Parte Lilly 656 S.w.2d 490 ; and Powell v. Alabama 287 US 45, 53 S.Ct. 55, 77 L.Ed.2d 158

C) Counsel's Failure To Present Evidence (being favorable Material Evidence) that is Favorable Evidence to the Applicant's guilt / innocence ;

"It is well Settled that an Attorney has a Professional duty to Present all Available testimony and Other Evidence to Support the defense of his Client"

See Ex Parte V Barra 609 S.w.2d 943 ; Ex Parte Duffy 607 S.w.2d 507 ; Ex Parte Lilly 656 S.w.2d 490 ; and Strickland v Washington 466 US 668, 104 S.Ct. 2052

D) Counsel's failure to independantly Review Prosecutor's file ; and

E) Counsel's Failure To Object To And failure To file A Motion to quash the indictment.

In her Actions, Court-Appointed Counsel Clearly demonstrated that her Only interest was To Plead Petitioner's Case And nothing More. Thereby, Pressuring Applicant To Plea guilty. Furthermore, Counsel's Actions Clearly demonstrates that Counsel was incompetent And wasn't in Possition to Advise Applicant in his Case. Therefore, Counsel's advice To Plead Was ill And Erroneous.

" Defendant's Election to Plead Guilty or Nolo Contendere
when based upon erroneous advice of Counsel is Not done
Voluntarily and Knowingly "

see V.A.T.C.C.P. art 26.13 (b) iamd. Ex Parte Battle 817 s.w.2d 81

Further, Applicant asserts That Trial Counsel doesn't deny or
disputes Applicant's Claim

Also, Applicant Clearly Stated That " Had he known That The indictment
was defective And That he was Actually Charged With A Class A Misdemeanor
Assault and that The Evidence Proves Such he would have Opted for
Jury Trial. See Page 10 Of Applicant's Memorandum Brief

Without Trial Counsel's deception, Withholding Of Evidence And Wrongful
Advice and inCompetence Petitioner would have Demanded Trial.

## Actual Innocence Claim

State Claims Applicant's ground for Relief Challenges The Sufficiency Of Evidence

Applicant's Response : Applicant asserts That Evidence That Jami Davis did Not
Endure Serious bodily Injury. And Evidence that Jami Davis
did Not Seek or Receive Any Medical Treatment for The Alleged
Injury ; The Indictment, which Clearly doesn't Allege That
Applicant Caused Serious bodily Injury. And Texas law
V.A.T.C.C.P. (Penal Code) § 22.02.

Applicant asserts That The State doesn't deny That The Newly Discovered
Evidence wasn't Available To The Applicant At the time Of his Plea.

-8-

## Fatally Defective Indictment

State alleges that Applicant Claim for fatally defective indictment and the trial Court's Lack of Jurisdiction was Waived because Applicant failed to Object to indictment prior to trial (but yet, the State Claims that Applicant failed to Show harm Caused by trial Counsel's failure to Object And failure to file a motion to quash the indictment in Cause no. 1391006)

Applicant's Response: The State's Claim is false And unsupported. Furthermore, the State doesn't deny Or dispute Applicant's Claim.

Applicant did not Waive his Claim by failing to Object to the indictment because:

A) Because A fatally defective indictment is a Jurisdictional Matter That Cannot be Waived.

see V.A.T Const. art. 5 § 17 (b) ; Vernon's Ann. Texas C.C.P art. 1.14 (b) Miller V. state 909 S.W. 2d 592 , Grime V. State 347 S.W. 3d 241 ; and Ex Parte Garcia 560 S.W. 2d 948

B) State is bound by Allegations in Charging instrument. (in The Charging instrument Applicant is Charged with A Class A Misdemeanor. See Camp V. State 925 S.W. 2d 26

C) Indictment Must Allege everything State is Required to Prove to Obtain Conviction.

See Stevens V. State 817 S.W. 2d 800 ; and V.A.T Const. art. 1.31.6

D) Ommission in Indictment of Material Element of Offense is Jurisdictional defect susceptible to Federal Habeas Attack See Ex Parte Garcia 510 S.W. 2d

E) Applicants Conviction can never Rest upon Conduct which is Not Criminal Offense or in Whole or in Part upon Conduct Not Alleged in indictment.
See Lawton V. State 913 s.w. 2d 542. (in the Restart Case.
Applicant is Not Accused of Causing "Serious" bodily Injury)

F) "Defendant's Conviction by guilty Plea was Reversed upon showing that Charging instrument under which defendant Pleaded guilty Ommitted Language Necessary to Convict Allegations failed to include Word "Serious" which was Needed to Aver Aggravated Assault. And Without which rendered the Allegations descriptive of Misdemeanor Assault Offense"

See Garza V State 169 s.w. 3d 300. Therefore. Accordingly, in the Present Case trial Counsel Wrongfully Advised / failed to Advise Applicant on basic Elements Necessary for An Aggravate assault Conviction. The Attorney's failure to Advise Applicant. led to his Client's Plea of guilty. Therefore Accordingly Applicant's Plea of guilty had not been Knowingly And Voluntarily see Bailey V us 99 Fed 687, and Ex Parte Galleges 511 s.w. 2d 510

-10-

In the Present Case, Court Appointed Counsel doesn't deny or dispute Applicant's Claim. Neither does the trial Counsel Respond To Any of Applicant's Claims.

The Court Records, which includes:

A) Harris County Criminal District Docket Sheet in Cause No. 1391006 (which clearly and unquestionably Proves That trial Counsel did not Object to Or File A Motion to Quash the indictment)

B) The Indictment in Cause No. 1391006. (which Clearly And unquestionably Proves that Applicant was Not Charged with causing "Serious" bodily Injury)

Applicant has unquestionably Proven That he is Entitled To Habeas Corpus Relief in The Above-Style Cause. And gives Pray That This Honorable Court Grants All Relief to which Applicant is Entitled

note: Document of Evidence included in this Rebuttal includes:

Exhibit (A). Harris County Criminal District Docket Sheet in Cause No. 1391006; And

B) The Indictment in Cause No. 1391006.

-11-

Inmates Sworn Declaration

I TORACE L. DAVIS ; Am the Applicant And being presently incarcerated in East Garza Unit, declare under Penalty Of Perjury that. According to My belief and Knowledge the facts Stated in the Above Application For Writ Of Habeas Corpus "Applicant's Rebuttal to States Original Answer Are True And Correct And all document included therein Are true And Correct.

Signed on This the _____ 17 _____ day of _____ Sept. ,20 15 _____.

_____
Signature Of Applicant

Torace L. Davis
Applicant Pro Se
# 1924578
East Garza Unit
4304 Hwy 202
Beeville, Texas 78102

-12-

# CERTIFICATE OF SERVICE

I Torace L. Davis Applicant in The Above-styled Cause do hereby Certify That All Parties has been Served by Placing The Original Copy Of "Applicant's Rebuttal to State's Original Answer" in the United States Mail at the East Garza Unit of The T.D.C.J.-ID With Proper Postage Affixed And Forwarded to:

Chris Daniel, Harris County Dist. Court Clerk
Civil CourtHouse, Ste. 420
201 Caroline St., Houston, Texas 77002

And A True And Correct Copy To:

Court Of Criminal Appeal of Texas
P.O. Box 12308
Capitol Station, Austin, Texas 78711

Signed On This The ____17____ day Of ___Sept.___, 20 15

Signature of Affiant

Torace L. Davis
Applicant Pro Se
#1912578
East Garza Unit
4304 Hwy 202
Beeville, Texas 78102

-13-



*Exhibit A*

**THE STATE OF TEXAS VS. DAVIS, TORACE**
Cause No.: 139100601010-3   Court: 182nd
Offense: AGG ASSAULT-FAMILY MEMBER          Level:   2nd Degree Felony
Charging Instrument:   Felony Indictment

**GENERAL ORDERS OF THE COURT**

Bond:  $0
Next Setting:
Case Disposition:  Disposed
Case Status:  Complete
Defendant Status:  Disposed

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |
| 6/11/2013 | Felony Complaint Filed<br>OFFENSE: AGG ASSAULT-FAMILY MEMBER     2nd Degree Felony<br>Bond Amount: $0 |
| 6/11/2013 | PROBABLE CAUSE FOUND |
| 6/11/2013 | COMMITMENT ISSUED—FELONY<br>BOND AMOUNT: $0 |
| 6/11/2013 | PRELIMINARY ASSIGNED COURT APPEARANCE SETTING: 6/12/2013 9:00 AM |
| 6/12/2013 | Defendant DAVIS, TORACE appeared without counsel |
| 6/12/2013 | Reset By Operation Of Law, 6/13/2013 09:00 AM Preliminary Assigned Court Appearance |
| 6/13/2013 | Defendant DAVIS, TORACE appeared without counsel |
| 6/13/2013 | The defendant filed a sworn pauper's oath, and JUDGE BARR, JEANNINE<br>  ordered DESAI, RIDDHI appointed as Appointed Defense Attorney |
| 6/13/2013 | STATUTORY WARNINGS GIVEN TO DEFENDANT |
| 6/13/2013 | Reset Upon Defense Request, 7/18/2013 09:00 AM Non-Trial Setting |
| 7/18/2013 | Defendant DAVIS, TORACE appeared with counsel DESAI, RIDDHI. |
| 7/18/2013 | Reset Upon Defense Request, 8/19/2013 09:00 AM Non-Trial Setting |
| 7/31/2013 | GRAND JURY ACTION: Felony Indictment GJ COURT: 208<br>OFFENSE: AGG ASSAULT-FAMILY MEMBER     2nd Degree Felony<br>BOND AMOUNT: $0 |
| 7/31/2013 | Precept issued to serve copy of indictment |
| 8/19/2013 | MOTION FILED: COMPETENCY |
| 8/19/2013 | ORDER: COMPETENCY EXAM GRANTED |
| 8/19/2013 | Reset Upon Defense Request, 9/26/2013 09:00 AM Disposition |
| 9/26/2013 | Defendant DAVIS, TORACE appeared with counsel DESAI, RIDDHI. |
| 9/26/2013 | Reset Upon Defense Request, 10/16/2013 09:00 AM Disposition |
| 10/16/2013 | Defendant DAVIS, TORACE appeared with counsel DESAI, RIDDHI. |
| 10/16/2013 | Reset Upon Defense Request, 11/22/2013 09:00 AM Disposition |
| 10/23/2013 | MOTION FILED: PS DISMISS ATTORNEY |
| 11/1/2013 | MOTION FILED: PS PROD EXC/MIT EVID |

*Clearly shows that trial Counsel/Appointed/Object to DA file a motion/ to quash the indictment*

STATE'S writ
EXHIBIT
D

PENGAD 800-631-6989

| 11/22/2013 | Defendant DAVIS, TORACE appeared with counsel DESAI, RIDDHI. |
|---|---|
| 11/22/2013 | ORDER: GRNTD DISCOVERY ORDER |
| 11/22/2013 | Reset Upon Defense Request 4/15/2014 09:00 AM Jury Trial |
| 1/6/2014 | ORDER: ATTORNEY FEE VOUCHER<br>FEE AMOUNT: $175 |
| 4/2/2014 | MOTION FILED: MTN DISCLOSE EXPERTS |
| 4/15/2014 | Defendant DAVIS, TORACE appeared with counsel DESAI, RIDDHI. |
| 4/15/2014 | MOTION FILED: NTC INT DESTROY EVID |
| 4/15/2014 | Delivery Order Issued<br>Location: Texas Department of Criminal Justice |
| 4/15/2014 | Defendant DAVIS, TORACE appeared in person with Counsel DESAI, RIDDHI. LEWIS, JOHN appeared for the State. Court Reporter: WAIVED Judge Presiding: BARR, JEANNINE . Defendant waived arraignment and entered a plea of GUILTY E. Defendant, appearing to the Court to be sane, is admonished by the Court of the consequences of said plea. Penalty recommendation of the State is: WOAR The Court found the defendant guilty and assessed punishment at 11 YEARS TDCJ Defendant sentenced to 11 YEARS in the INSTITUTIONAL DIVISION TDCJ. Sentence to begin 4/15/14. APPEAL WAIVED. |
| 4/22/2014 | ORDER: GRNTD OUT OF CRT HOURS LOG |
| 4/22/2014 | ORDER: ATTORNEY FEE VOUCHER<br>FEE AMOUNT: $700 |
| 5/15/2014 | ORDER: GRT OUT OF CRT HOURS LOG |
| 5/15/2014 | ORDER: ATTORNEY FEE VOUCHER<br>FEE AMOUNT: $1,300 |

THE STATE OF TEXAS
VS.

**TORACE DAVIS**

SPN: 02664121
DOB: BM/12-4-76
DATE PREPARED: 7/30/2013

D.A. LOG NUMBER:1966681
CJIS TRACKING NO.:9168876807-A001
BY: SG DA NO: 069051500
AGENCY:HPD
O/R NO: 071862913
ARREST DATE: 6-10-13

NCIC CODE: 1314 21                    RELATED CASES:

FELONY CHARGE: Aggravated Assault- Family Member
CAUSE NO: 1391006
HARRIS COUNTY DISTRICT COURT NO: 182
FIRST SETTING DATE:

BAIL: $NO BOND
PRIOR CAUSE NO:

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **TORACE DAVIS**, hereafter styled the Defendant, heretofore on or about **JUNE 10, 2013**, did then and there unlawfully, intentionally and knowingly cause bodily injury to JAMI DAVIS, a member of the Defendant's family , hereafter styled the Complainant, by CUTTING OFF THE COMPLAINANT'S AIRWAY WITH A BAT, and the Defendant used and exhibited a deadly weapon, namely a BAT, during the commission of the offense.

It is further presented that in Harris County, Texas, TORACE DAVIS, hereafter styled the Defendant, heretofore on or about JUNE 10, 2013, did then and there unlawfully intentionally and knowingly cause bodily injury to JAMI DAVIS, a member of the Defendant's family, hereafter styled the Complainant, by STRIKING THE COMPLAINANT WITH A BAT, and the Defendant used and exhibited a deadly weapon, namely a BAT, during the commission of the offense.

FILED
Chris Daniel
District Clerk
JUL 31 2013
Harris County, Texas
Time:
By:_____ Deputy

IMAGED

208th

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Foreman

_____
FOREMAN OF THE GRAND JURY

**STATE'S** writ
**EXHIBIT**
**A**

INDICTMENT

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

PENGAD 800-631-6989